UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ESMERALDA GALARZA, | : | Case No. 1:10-CV-235 |
| Plaintiff, | : | |
| | : | JUDGE KATHLEEN M. O'MALLEY |
| v. | : | |
| COMMISSIONER OF | : | <u>ORDER</u> |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |

The Commissioner of Social Security ("Commissioner") denied the application of the Plaintiff, Esmeralda Galarza ("Galarza"), for Supplemental Security Income ("SSI"), in the above-captioned case.[1]  Galarza sought judicial review of the Commissioner's decision and, pursuant to Local Rule 72.2(b)(1) and 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge James R. Knepp II ("Judge Knepp") for preparation of a Report and Recommendation ("R&R"). Both parties filed briefs in support of their respective positions.  (Docs. 11 and 14.)

Judge Knepp submitted his R&R on November 17, 2010, recommending that the Court affirm the Administrative Law Judge's final decision denying SSI benefits to Galarza as supported by substantial evidence. (Doc. 15.) At the conclusion of the R&R, Judge Knepp specifically advised the parties of their right to object to the R&R, and explained that failure to do so within fourteen (14) days of receipt would result in waiver of any right to appeal. (*Id*. at 19.)

In cases that are referred to a magistrate judge for preparation of an R&R, the Federal Magistrates Act requires that a district court conduct a *de novo* review only of those portions of the

---

[1] Although Plaintiff is listed as "Esmeralda Galarza" on the Complaint and in most of the other documents filed with the Court, she is listed as "Esmeralda Gonzalez" on her motion to proceed in forma pauperis.  For consistency, the Court refers to Plaintiff using the name on her Complaint.

R&R to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C) ("A judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). As the Supreme Court has indicated, § 636(b)(1)(C) "does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

The Sixth Circuit has consistently held that failure to file objections to an R&R constitutes waiver of the right to appeal. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("This court has repeatedly held that a defendant *must* file such objections in order to preserve the issue for appeal. A failure to do so results in a waiver of that issue.") (citations omitted); *Wilson v. McMacken*, 786 F.2d 216, 220 (6th Cir. 1986) (noting that the Supreme Court in *Thomas v. Arn*, "specifically upheld [the Sixth Circuit's] rule conditioning the right to appeal a district court's order on the filing of specific objections to the magistrate's report and recommendation"); *Javaherpour v. United States*, 315 Fed. Appx. 505, 508 (6th Cir. 2009) ("[A] party must file timely objections with the district court to avoid waiving appellate review." (citing *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981))). Neither party has filed an objection to the R&R, and the time period for doing so has expired.

Because Galarza has not objected to any portion of the R&R, she has waived her right to challenge Judge Knepp's findings, and it is unnecessary to review this matter further. Accordingly, the Court **ADOPTS** the R&R, thus **AFFIRMING** the Commissioner's decision.

**IT IS SO ORDERED.**

                                              s/Kathleen M. O'Malley
                                              **KATHLEEN McDONALD O'MALLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**Dated: December 8, 2010**